TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Parte Apelada<br><br>v.<br><br>EDUARDO EDGARDO CINTRÓN SUÁREZ Y OTROS<br><br>Parte Apelante | KLAN202500246 | *Apelación acogida como Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: SJ2024CV05770<br><br>Sala:302<br><br>Sobre: Triple daño bajo el Art. 5.2 del Código Anticorrupción |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de marzo de 2025.

Compareció ante este Tribunal la parte peticionaria, Sr. Eduardo E. Cintrón Suárez (en adelante, "señor Cintrón Suárez) y la Sociedad Legal de Bienes Gananciales compuesta con la Sra. Carmen Elba Ocasio Vázquez (en adelante y en conjunto, ("Cintrón-SLG" o "Peticionarios") mediante un recurso de *Certiorari* presentado el 24 de marzo de 2025, el cual fue acompañado de una "**Moción en Auxilio de Jurisdicción y en Solicitud de Paralización**". Nos solicitó la revocación de la denegatoria de una "**Moción de Desestimación**", conforme consignada en la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, "TPI"), emitida y notificada el 28 de enero de 2025. Dicho dictamen fue objeto de una solicitud de reconsideración que fue declarada "No Ha Lugar" mediante *Resolución* emitida y notificada el 21 de febrero de 2025. Igualmente, los Peticionarios presentaron un escrito intitulado "**Petición de Certiorari**" a través del cual solicitaron que acogiéramos el recurso como una apelación y procedieron a retirar la "**Moción en Auxilio de Jurisdicción y en Solicitud de Paralización**".

A pesar de que la Secretaría de este Tribunal denominó el presente recurso como uno de apelación, acogemos el mismo como un auto de *certiorari* por haberse recurrido de la denegatoria de una solicitud de desestimación. Al amparo de las disposiciones de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), eximimos al Estado de su comparecencia y por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto solicitado.

**I.**

El 25 de junio de 2024, el Gobierno de Puerto Rico presentó una "**Demanda**" al amparo del Artículo 5.2 de la Ley Núm. 2-2018, según enmendada, conocida como el "Código Anticorrupción para el Nuevo Puerto Rico", en contra de los Peticionarios y la Sra. Carmen Elba Ocasio Vázquez (en adelante, la "señora Ocasio Vázquez"). En síntesis, el Estado planteó que el 7 de julio de 2022 recayó una *Sentencia* de 30 meses en contra del señor Cintrón Suárez, luego de que éste se declarara culpable por los delitos de conspiración, soborno de fondos federales y "kickbacks" en la esfera federal. Así pues, y de conformidad con las disposiciones del Artículo 5.2 del Código Anticorrupción, 3 LPRA sec. 1885a, solicitó una compensación ascendente a $285,000.00, por concepto del triple daño económico que por sus acciones le ocasionó el señor Cintrón Suárez al erario.

El 31 de octubre de 2024, los Peticionarios y la señora Ocasio Vázquez presentaron una "**Moción de Desestimación**". Sostuvieron que la "**Demanda**" dejaba de exponer una reclamación que justificara la concesión de un remedio, toda vez que el señor Cintrón Suárez se declaró culpable por delitos federales cuyos elementos constitutivos no sustentaban que se hubiera menoscabado el erario. Asimismo, plantearon que la acción interpuesta por el Gobierno era violatoria de la protección constitucional a la doble exposición, pues expone al señor Cintrón Suárez a una segunda penalidad por los mismos hechos ya que éste cumplió la pena de reclusión que se le impuso y estuvo expuesto a una pena de restitución.

Por su parte, el Gobierno presentó "**Oposición a Moción de Desestimación**" en la que expuso que la "**Demanda**" presenta hechos demostrativos adecuadamente alegados y eran suficientes para establecer una reclamación plausible, susceptible de ser adjudicada para la concesión del remedio solicitado. Además, sostuvo que eran jurídicamente improcedentes los planteamientos en torno a la activación del principio de doble exposición penal, pues la presente causa de acción no era de carácter penal. Sobre este particular, añadió que el Código Anticorrupción permite la presentación de una acción civil sin menoscabo de cualquier acción penal o administrativa que se pueda presentar por los mismos hechos. Expresó que el ejercicio de la presente causa de acción no interfería con el proceso penal seguido en contra del señor Cintrón Suárez para juzgar su conducta delictiva.

Tras la presentación de las correspondientes mociones, la "**Réplica a Oposición a Moción de Desestimación**" y la "**Dúplica a *Réplica Oposición a Moción de Desestimación***", el 28 de enero de 2025, el TPI emitió *Sentencia Parcial* mediante la cual desestimó únicamente la "**Demanda**" en contra de la señora Ocasio Vázquez y declaró "**No ha lugar**" la "**Moción de Desestimación**" presentada por Cintrón-SLG. Inconforme, los Peticionarios presentaron "**Moción de Reconsideración**", la cual fue denegada mediante *Resolución* emitida y notificada el 21 de febrero de 2025.

Aún insatisfechos, los Peticionarios presentaron el recurso que nos ocupa mediante el cual le imputaron al foro de instancia la comisión de los siguientes errores:

> **Erró el Tribunal de Primera Instancia al no desestimar la demanda en contra del Sr. Cintrón y de la SLG toda vez que no puede considerar la Sentencia de la cual el ELA basa su causa de acción pues se trata de una sentencia declara bajo un delito federal cuya tipificación no exige probar todos los elementos de algún delito tipificado en las Leyes de Puerto Rico, según lo requiere el Art. 5.4 del Código Anticorrupción.**

> **Erró el Tribunal de Primera Instancia al concluir que la demanda tiene alegaciones suficientes para justificar la concesión de un remedio a favor del Estado Libre Asociado de Puerto Rico, en circunstancias en que resulta evidente e incontrovertible que el ELA no ha sufrido menoscabo alguno a consecuencia de las actuaciones del demandado.**

**Erró el Tribunal de Primera Instancia al no concluir que la acción presentada por el ELA constituye una doble exposición en contra del Sr. Cintrón toda vez que, a pesar de ser una acción denominada como civil, su intención claramente es castigarle de nuevo, de manera desproporcionada, por hechos por los cuales ya ha sido juzgado y condenado en el foro federal.**

**Erró el Tribunal de Primera Instancia al no desestimar la demanda en contra de la Sociedad Legal de Bienes Gananciales compuesta entre el Sr. Cintrón y la Sra. Ocasio toda vez que el Código Anticorrupción no provee para instar una acción en su contra**.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR __ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v.  Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990).  Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio**; y (6) la falta de una parte indispensable. 32 LPRA Ap. V., R. 10.2; Inmobiliaria Baleares, LLC v. Benabe González, 214 DPR ___ (2024), 2024 TSPR 112.

Al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, debe ser evaluada de forma crítica. Íd., pág. 19.  Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la demanda.

Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante formulando en su favor todas las inferencias que puedan asistirle. Rivera Sanfeliz, *et al.* v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015). De igual forma, nuestro más alto foro ha establecido que:

> [A] los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción tiene que demostrar que, aun así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels PR v. Empire Gas PR, 137 DPR 497, 505 (1994).

Sobre este asunto, el Dr. José Cuevas Segarra expone que "[e]n la moción de desestima[ción] no se trata de poner en duda los hechos alegados en la demanda, sino atacarla por un vicio intrínseco, por ejemplo: insuficiencia, ausencia de parte indispensable, [o] falta de jurisdicción". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, Tomo I, 2000, pág. 275.

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". Pressure Vessels PR. v. Empire Gas P.R., *supra*, pág. 505. Consecuentemente, se debe considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. El Día, Inc. v. Mun. de Guaynabo, 187 DPR 811, 821 (2013); Consejo Titulares v. Gómez Estremera, 184 DPR 407, 423 (2012).

Relacionado con lo anterior, la jurisprudencia ha identificado casos que contienen elementos subjetivos, de intención, propósitos mentales o negligencia. A saber, "controversias en las que el factor credibilidad juega un papel esencial, si no decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo". Rosario Ortiz v. Nationwide Mutual Insurance Co., 158 DPR 775, 780-

81 (2003). A esos efectos, "la privación a un litigante de su 'día en corte' es una medida procedente sólo en casos extremos y que debe usarse solamente en casos claros. Íd., pág. 780.

**III.**

En esencia, los Peticionarios nos plantean que el TPI erró al no desestimar la "**Demanda**" en su contra, toda vez que se puede considerar la *Sentencia* en la esfera federal que recayó en contra del señor Cintrón Suárez como fundamento para la interposición de la presente causa de acción, pues la misma fue por la comisión de un delito federal que no está tipificado en ningún estatuto criminal de Puerto Rico. Asimismo, exponen que las alegaciones esgrimidas por el Estado no justifican la concesión de un remedio, puesto que es evidente que este último no ha sufrido ningún menoscabo a consecuencia de las actuaciones por las que se penalizó al señor Cintrón Suárez.

Del mismo modo, arguyen que la consecuencia de mantener la "**Demanda**" que nos ocupa es exponer nuevamente al señor Cintrón Suárez por hechos por los cuales fue juzgado y condenado. Finalmente, expresan que el foro de instancia incidió al no desestimar la causa de acción incoada contra la Sociedad Legal de Bienes Gananciales, puesto que el Código Anticorrupción no faculta al Gobierno a instar una acción en contra de cualquier persona por meramente haberse beneficiado de los actos constitutivos de delito.

Tras la evaluación exhaustiva del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el foro *a quo* no indició ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Nótese que el TPI concluyó que, en esta etapa de los procedimientos, no podía determinar si se activaba o no la protección constitucional contra la doble exposición, por lo que era imperativo continuar con los procedimientos para, en una etapa posterior, estar en mejor posición de poder analizar y realizar dicha determinación. Así

pues, al tomar como ciertos los hechos alegados en la "**Demanda**" entendió el foro *a quo* que no procedía la "**Moción de Desestimación**" en contra de los Peticionarios. Sobre dicha apreciación, coincidimos.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación del TPI al denegar la solicitud desestimatoria de Cintrón-SLG y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones